IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN L. PARKER,<br>Inmate # 2580,<br>    Plaintiff, | :: <br> :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:06-CV-2902-JEC |
| v. | :: <br> :: | |
| MICHAEL CROFT,<br>Director, Irwin County Detention Center,<br>CLARENCE SANDERS,<br>Sheriff, Montgomery County,<br>    Defendants. | :: <br> :: <br> :: <br> :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Irwin County Detention Center in Ocilla, Georgia, has filed the instant pro se civil rights action, seeking leave to proceed in forma pauperis.

### I.  Plaintiff's allegations

Plaintiff alleges that he is illegally imprisoned in Irwin County, Georgia, for a crime he apparently is charged with having committed in Montgomery County, Georgia. [Doc. 1 ¶¶ III, IV.] Plaintiff states that he is a "long distance from home" without "any paper" regarding the charges against him; that he cannot contact his "family or anybody"; and that he "can't get in touch" with his attorney and therefore cannot prepare a defense. [Id.] Plaintiff also complains about the conditions at the Irwin County Detention Center, including constant threats (although he does not specify the source of the alleged threats); a leaky toilet; an inadequate number of

toilets and sinks (four per one hundred men); inadequate ventilation; the lack of a fire sprinkler system; and insufficient time for prisoners to be outdoors ("once a month") and to eat their meals ("about 4-5 minutes"). [Id.] Plaintiff seeks a transfer to some place closer to home where he can talk to his attorney and will not be threatened and harassed. [Id. ¶ V.] Plaintiff also seeks compensation for his family's costs associated with his long-distance housing arrangements and "for being victimized by this brutality." [Id.]

## II.   Venue is improper in this Court

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972). In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction, as Plaintiff apparently alleges is the case here, may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim occurred. Irwin County is located within the territory of the United States District Court for the Middle District

2

of Georgia, and Montgomery County is located within the territory of the United States District Court for the Southern District of Georgia. Accordingly, Plaintiff has failed to allege proper venue in this Court.

### III. A transfer to a proper venue would not serve the interests of justice

Moreover, because Plaintiff's claims are insufficient to make out a claim for relief, it would not serve the interests of justice to transfer this action to another district in which it could have been brought.[1] See 28 U.S.C. § 1406(a).

#### 1. Long-distance housing arrangements

A pre-trial detainee such as Plaintiff is protected from unconstitutional deprivations by the Due Process Clause of the Fourteenth Amendment. See Brothers v. Klevenhagen, 28 F.3d 452, 455-56 (5th Cir. 1994). See also Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc) (stating that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments"). However, "prisoners do not have a constitutional right to placement in a particular institution." McCain v. Scott, 9 F. Supp. 2d 1365, 1370 n.1 (N.D. Ga. 1998) (Story, J.) (citing Olim v. Wakinekona,

---

[1] That said, the defendant is free to file this action in the Southern District of Georgia. This Court declines to transfer the action for the reasons stated.

3

461 U.S. 238, 244 (1983) (wherein the Supreme Court noted, with respect to a convicted prisoner, that "an *intrastate* prison transfer does not directly implicate the Due Process Clause of the Fourteenth Amendment")). Accordingly, Plaintiff cannot bring a claim in federal district court challenging the location where he is currently housed.

2. **Deprivation of counsel**

Furthermore, even if Plaintiff were being deprived of the right to counsel, he has state court remedies available in his ongoing criminal proceedings, and this Court may not interfere in those proceedings except in exceptional circumstances, which do not appear to exist in this case. See Younger v. Harris, 401 U.S. 37, 43-44 (1971) (noting "the longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief"). See also Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (concluding that Younger abstention was appropriate with respect to appellant's Sixth Amendment claim regarding the delay in appointment of defense counsel to represent him at his state court trial because he could "adequately litigate in the ongoing state criminal proceedings his underlying

4

claim of unconstitutional deprivation of counsel, and the potential for federal-state friction [resulting from federal intervention] is obvious") (internal quotations omitted).

### 3. Conditions of confinement

Finally, "extreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). See also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (noting that "[t]he Constitution . . . does not mandate comfortable prisons") (internal quotations omitted). A prisoner "must at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotations omitted). Plaintiff's allegations are insufficient to make out a constitutional claim based on the conditions at the Irwin County Detention Center, and his allegation of being under "constant threat" is too conclusory to warrant a transfer of this action. See Wilson v. Blankenship, 163 F.3d 1284, 1291-92 (11th Cir. 1998) (affirming grant of summary judgment to warden and assistant warden of local jail on federal pre-trial detainee's claim "that both outdoor and indoor exercise were unavailable to him while he was housed" at the jail, and noting that "no clearly established constitutional law required that [plaintiff] have immediate access to

5

outdoor exercise during the time that he was at [the jail], where no such facilities existed, and his confinement [there] was brief"); Parnell v. Waldrep, 511 F. Supp. 764, 771 (W.D.N.C. 1981) (stating that, "provided that inmates . . . are afforded the opportunity for adequate indoor exercise, the court will not require that the jail also provide special facilities for outdoor recreation"). See also Smith v. Melvin, 1996 U.S. App. LEXIS 20592, at *6 (7th Cir. Aug. 14, 1996) (unpublished opinion) (affirming frivolity dismissal of prisoner's claim regarding leaky toilet in cell because he "did not allege how much standing water accumulated or how extensive was the damage, if any, to his personal belongings," and he did not "allege that the toilet overflowed or flooded the cell with raw sewage, which may have created health hazards").

## IV.   Conclusion

Although the Court is sympathetic to plaintiff's problems, for the reasons set forth above, this Court does not find that transfer of this action would be in the interest of justice. Accordingly, this action [Doc. 1] is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a). Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 21 day of December, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE